UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARY SUSAN DOWDY,

    Plaintiff,

v().                                                 Civil Action No: _____

MID-SOUTH MEDICAL
IMAGING, LLC,                     JURY TRIAL DEMANDED

    Defendant.

---

## COMPLAINT

---

Comes now the Plaintiff, Mary Susan Dowdy ("Plaintiff"), by and through the undersigned counsel, and for her Complaint against Mid-South Medical Imaging, LLC ("MSMI") would state and show as follows:

### JURISDICTION, VENUE, AND PARTIES

1.    This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., to recover from MSMI unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and attorney's fees. This action is authorized by 29 U.S.C. § 216(b), and subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1376.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events and/or omissions giving rise to this claim occurred in this District.

3.      MSMI is a Mississippi limited liability company with its principal place of business at 4264 Lakeland Dr., Flowood, Mississippi 39232.  MSMI is registered with the Tennessee Secretary of State.

4.      MSMI has availed itself of the privilege of doing business within the State of Tennessee, and is subject to this Court's personal jurisdiction.  MSMI can be served with process through its Registered Agent for Service of Process:  CT Corporation System, Suite 2021, 800 South Gay Street, Knoxville, Tennessee, 37929-9710.

5.      This action is brought by Plaintiff, who is a former employee of MSMI and was misclassified by MSMI as exempt from the overtime requirements of the FLSA.

6.      Plaintiff is a resident of Fayette County, Tennessee, and was employed by MSMI as a customer service representative from September of 2014 to March of 2016 in Tennessee.  In the position of customer service representative, Plaintiff was classified by MSMI as exempt from the requirements of the FLSA, was paid a salary without overtime compensation, and regularly and repeatedly worked in excess of forty (40) hours per week.  Furthermore, for a period of her employment, Plaintiff's salary was less than $455 per week.

## FACTUAL ALLEGATIONS

7.      During both the two (2) and three (3) year statute of limitations under the FLSA, Plaintiff was employed by MSMI and misclassified as exempt from the overtime provisions of the FLSA.

8.      MSMI is, and at all times relevant to this action has been, an "employer" subject to the provisions of the FLSA.

9.      At all times material to this Complaint, MSMI has employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that

have or had been moved in or produced for commerce.

10. At all times material to this Complaint, MSMI engaged in interstate commerce as defined in 29 U.S.C. § 203(r) and 203(s).

11. At all times material to this Complaint, the annual gross sales volume of MSMI was in excess of $500,000 per annum.

12. At all times material to this Complaint, MSMI has constituted an enterprise engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s).

13. During her employment with MSMI, Plaintiff was an "employee" entitled to the protections of the FLSA.

14. MSMI is, and at all times relevant to this action has been, subject to the requirement under 29 U.S.C. § 207 that employees may not work more than forty (40) hours per week without receiving "overtime" compensation at a rate of not less than one and one-half times their regular rate of pay.

15. Plaintiff regularly and repeatedly worked in excess of forty hours (40) per week in one or more weeks without being compensated at the rate of one and one-half times her regular rate of pay.

16. Plaintiff has been denied proper overtime compensation for all weeks in which she worked in excess of forty (40) hours.

17. MSMI classifies, and at all times relevant to this action has classified, Plaintiff as "exempt" from the overtime requirements imposed by the FLSA.

18. MSMI required Plaintiff to work in excess of forty (40) hours per week without receiving proper overtime compensation under the FLSA.

19 The job duties of Plaintiff were such that she was not exempt from the overtime

requirements of the FLSA.

20. Because Plaintiff was classified as "exempt" by MSMI, she has been denied overtime pay for all work performed by her in excess of forty (40) hours per workweek.

21. While Plaintiff was classified as "exempt" by MSMI, she did not have duties and job responsibilities sufficient to exempt her from the FLSA and MSMI is unable to bear its burden of showing that Plaintiff falls within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§541.300, 541.301, 541.302, 541.303, or 541.304.

22. Plaintiff did not have the authority to hire or fire other employees or make suggestions or recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees of MTG that was given any particular weight. Furthermore, Plaintiff's position did not consist of management of general business operations and did not include the exercise of discretion and independent judgment with respect to matters of significance. Furthermore, during a portion of her employment with MSMI, Plaintiff's salary was less than $455 per week.

## COUNT ONE – VIOLATION OF FLSA

23. Plaintiff repeats and incorporates by reference each allegation set forth above as if fully set forth herein.

24. MSMI has violated the FLSA, deliberately, willfully, intentionally, and otherwise, by classifying Plaintiff as "exempt" and by refusing to pay overtime or any other compensation to Plaintiff for the time which she spent working beyond forty (40) hours per week.

25. As a result of MSMI's violations of the FLSA, willful, deliberate, intentional and otherwise, Plaintiff has suffered damages in the form of earned but unpaid overtime wages as well as liquidated damages under 29 U.S.C. § 216(b), in a total amount to be determined at trial

by jury.

26. As a result of MSMI's violations of the FLSA, willful, deliberate, intentional and otherwise, Plaintiff is entitled to recover her attorneys' fees and costs incurred in bringing this action under 29 U.S.C. § 216(b).

27. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, MSMI has failed to make, keep, and preserve records sufficient to determine her wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

28. MSMI's violations of the FLSA are willful within the meaning of 29 U.S.C. § 205(a).

29. MSMI knew that its classification of Plaintiff violated the FLSA, as she was not exempt from the requirements of the FLSA.

30. MSMI showed reckless disregard for whether or not its classification of Plaintiff violated the FLSA, as Plaintiff was not exempt from the requirements of the FLSA.

31. MSMI was intimately aware of the work being performed by Plaintiff and knew or should have known that it did not meet the requirements of the FLSA.

32. MSMI knew that it was an employer that is covered under the FLSA, but made the conscious decision to not pay overtime to Plaintiff.

33. Knowing the job descriptions, duties, and responsibilities of Plaintiff and that it was an employer subject to the FLSA, MSMI knew that Plaintiff was not exempt from the requirements of the FLSA and refused to pay overtime to Plaintiff. At a minimum, based on the

knowledge of MSMI, MSMI showed reckless disregard for the provisions of the FLSA and their applicability to Plaintiff by refusing to pay overtime compensation.

34. Rather than complying with the FLSA or coming into compliance with the FLSA with regard to Plaintiff, MSMI made the deliberate decision to avoid compliance and evade the requirements of the FLSA with regard to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a **TRIAL BY JURY** and that this Honorable Court or a jury of her peers be empaneled to provide just, equitable and necessary relief, including but not limited to:

A. A declaratory judgment that Defendant has willfully violated the FLSA;

B. An award to Plaintiff of damages in the amount of all overtime payments shown to be owed to her pursuant to 29 U.S.C. § 216(b);

C. An award to Plaintiff of interest and liquidated damages in an amount equal to the compensation shown to be owed her pursuant to 29 U.S.C. § 216(b);

D. An award to Plaintiff of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

E. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT PLC

s/Clinton H. Scott
CLINTON H. SCOTT (TN# 23008)
101 North Highland Avenue
Jackson, Tennessee  38301
(731) 664-1340 Telephone
(731) 664-1540 Facsimile
cscott@gilbertfirm.com

*ATTORNEY FOR PLAINTIFF*

## **COST BOND**

This Firm stands as surety for costs in this matter not to exceed one thousand dollars ($1,000.00).

s/Clinton H. Scott